IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL W. CUNNINGHAM, | : | CIVIL NO. 3:CV-06-2321 |
| Petitioner, | : | |
| | : | (Judge Muney) |
| v. | : | |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, | : | |
| UNITED STATES PAROLE | : | |
| COMMISSION, | : | |
| Respondents: | | |

## MEMORANDUM AND ORDER

Presently ripe for disposition is petitioner, Darryl W. Cunningham's ("Cunningham"), petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, challenging the United State's Parole Commission's ("parole commission") decision denying him parole from his sentence imposed by the Superior Court of the District of Columbia. (Doc. 11). As an initial matter, because District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes, they must rely on section 2254 to bring claims challenging the validity or the execution of their sentence, not 28 U.S.C. § 2241. See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002); see Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). Thus, the petition will be considered a petition brought pursuant to § 2254. For the reasons discussed below, the petition will be denied.

Cunningham also filed a "motion for reply to the response by the respondent." (Doc. 14). This motion is construed as a supplement to his traverse and will be considered in the disposition of this matter. All other pending motions will be denied as moot. (Docs. 18, 20, 22, 25, 29).

## I. Background

On April 16, 1997, Cunningham was sentenced in the Superior Court of the District of Columbia to a term of imprisonment of twenty-four years for possession of a firearm during a crime of violence and armed robbery. (Doc. 12-2, p. 3). An initial parole hearing was conducted on December 3, 2003. The hearing examiner evaluated the matter as follows:

> As of today's hearing the subject has been in custody approximately 90 months. The main issue in this case is whether the subject should be considered for parole within the guidelines of 96-98 months. Based on the subject's overall adjustment for the last 7 ½ years he has utilized his time in a very effective manner noting that he completed the Long-Term Intensive Drug Treatment Program to focus on his drug addiction disorder that has developed since he was the age of 18. In reviewing the conduct in this case it is indicated that the subject was involved in a number of robberies in DC by the use of a B-B Gun but there's no information concerning the incidents and the only incident that was recorded was for the arrest that occurred on 5/6/96. Prior to this the subject had the one conviction that was drug related which he received probation. This is the inmate's first period of custody and it is believed that full accountability has been rendered in this case as well as subject has made every attempt to make some positive changes in his previous lifestyle. It appears that the subject has a great deal of support in the community not only by his family but as well as his church. Should the subject be considered at his parole eligibility date, which is being recommended, the subject will have a significant amount of time remaining in the community noting that his full term date is on 6/15/2020. The examiner would have recommended that the subject be considered for superior program achievement based on what he has accomplished. However, since the examiner is recommending that the subject be considered for parole at the earliest possible release (parole eligibility date of 6/16/04) that superior program achievement will not be warranted.

(Doc. 12-2, pp. 8-9). The hearing examiner recommended parole effective 6/16/04 after the service of 96 months. (Id. at p. 9). The Executive Reviewer disagreed with the hearing

examiner's assessment finding the following:

> I disagree with a release at eligibility and find that S[ubject] is a more serious risk than indicated by his Base Point Score. He and his codefendant were involved in 13 robberies at gunpoint. Although the gun was a BB gun, it was used to frighten the victims to give up their valuables and all were placed in fear for their lives, as the gun appeared to be a handgun. Notwithstanding the fact that S[ubject] completed the 500-hour comprehensive drug program, the Base Point Score does not adequately capture the serious, assaultive nature of his criminal behavior. I recommend a rehearing in 36 months.

(Id.) On December 24, 2003, Cunningham was notified *via* Notice of Action that based on the number of victims of assaultive behavior, armed robbery, a decision above the guidelines was warranted. (Doc. 12-2, p. 11). His guidelines were set at 96-98 months, parole was denied, and he was continued to a three-year reconsideration hearing. (Doc. 12-2, p. 11).

His reconsideration hearing was held on October 24, 2006. (Id. at p. 17). Although the hearing examiner awarded him a 12-month credit for Superior Program Achievement, which reduced his guideline range to 84-86 months, it was noted that he was subject to a State of Virginia detainer that would require service of a 9-month consecutive sentence. Therefore, the hearing examiner recommended that he be paroled, effective December 15, 2006, to the custody of the Virginia detainer or, in the event that the detainer was not exercised, that he be paroled to the community on January 15, 2007. (Id.) The Executive Reviewer agreed with the hearing examiner. Despite these recommendations, on November 14, 2006, the parole commission issued a Notice of Action denying parole for essentially the same reasons cited in the 2003 Notice of Action, and continuing Cunningham to a three-year reconsideration hearing in October

2009,. (Id. at p. 19). This resulted in the following decision, which was above the guideline range:

> After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score in that the Base Point Score does not adequately capture the serious assaultive nature of your offense behavior. You received 2 points in Category II of the Base Pint Score because your offense involved violence. However, only one robbery would be necessary to receive 2 points in Category II. You and your codefendant were involved in the robbery of 13 victims. Based on the number of victims of assaultive behavior (Armed Robbery) a decision above the guidelines is warranted.

(Doc. 12-2, p. 19).

The instant petition was filed on December 4, 2006. Cunningham seeks reversal of the parole commission's decision to deny him parole or, in the alternative to have the parole commission set a new hearing prior to the October 2009 reconsideration hearing date.

**II. Standard of Review**

On August 5, 1998, "the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia code" was transferred to the parole commission. See National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745.

The function of judicial review on a petition for writ of habeas corpus in the parole context is to determine whether the parole commission abused its discretion. Furnari v. Warden,

4

218 F.3d 250, 254 (3d Cir. 2000). Review is limited to whether there is a rational basis in the record for the conclusions embodied in the parole commission's statement of reasons, which should include whether the criteria, appropriate, rational and consistent with its enabling statutes, has been followed so that its decision is not arbitrary and capricious, nor based on impermissible considerations. Id. (citing Zannino v. Arnold, 531 F.2d 687, 690-91 (3d Cir. 1976)). The court is not empowered to substitute its judgment for that of the parole commission unless the commission's exercise of discretion represents an egregious departure from rational decision-making. See Butler v. U.S. Parole Commission, 570 F. Supp. 67, 77 (M.D. Pa.1983).

### III. Discussion

#### A. Decision Above the Guidelines

Cunningham first takes issue with the fact that he has served approximately 125 months, even though his guideline range is only 96 months. He is considered for parole release under D.C. Code § 24-404(a) which provides, in relevant part, that "[w]henever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law [and] that his release is not incompatible with the welfare of society," it "may authorize his release on parole on such terms and conditions as the Board shall from time to time prescribe." D.C. Code §24-404(a).

As noted above, the parole commission concluded that, based on all factors and information presented, a decision above the guideline range was warranted. The parole commission based the decision on the number of victims, thirteen, and the assaultive nature of

the Armed Robbery. Clearly, there is a rational basis in the record for departing from the total guideline range. Consequently, the parole commission's decision to render a decision above the guidelines will not be disturbed.

Cunningham also argues that rendering a decision above the guidelines based on his involvement in thirteen robberies, when he only pled guilty to one count of possession of a firearm during the commission of a crime and one count of armed robbery, triggers the double jeopardy and due process clauses of the United States Constitution. Cunningham's argument is without merit. The parole commission has broad discretion to review materials helpful in determining whether to release a prisoner on parole. <u>United States ex rel. Goldberg v. Warden, Allenwood Fed. Prison Camp</u>, 622 F.2d 60, 63 (3d Cir. 1980); see also <u>Fiumara v. O'Brien</u>, 889 F.2d 254, 257-58 (10th Cir. 1989) (holding parole commission did not abuse its discretion in considering evidence of prisoner's involvement in four murders for which he was not convicted and denied parole); <u>Hackett v. United States Parole Comm'n</u>, 851 F.2d 127, 130-31 (6th Cir. 1987) (finding parole commission properly considered victim impact statement, which alleged prisoner raped victim during abduction for which he was imprisoned); <u>Maddox v. United States Parole Comm'n</u>, 821 F.2d 997, 999-1000 (5th Cir. 1987) (noting parole commission's broad authority in materials it considers for parole decisions, including dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which prisoner was not charged); <u>Melvin v. Petrovsky</u>, 720 F.2d 9, 10 (8th Cir. 1983) (finding parole commission not limited to indictment and conviction in determining severity of offense and can consider other

reliable information, including pre-sentence report). The parole commission is permitted to consider all relevant information, including information extracted from a pre-sentence report, notwithstanding that it is hearsay or that it pertains to crimes for which no conviction has been attained. United States ex rel. Goldberg v. Warden, 622 F.2d 60, 64 (3d Cir. 1980). Because the parole commission has broad discretion in what it can consider in making parole decisions, it was within its authority in relying upon conduct other than the offenses for which Cunningham was convicted when it issued a decision above the guidelines.

Finally, Cunningham argues that he was not afforded a meaningful reconsideration hearing in 2006. He bases this argument on his observation that, but for the change of dates, the 2006 Notice of Action is identical to the 2003 Notice of Action. (Doc. 12-2, pp. 12, 19). There is no question that the Notices of Action are, except for the change in dates, essentially the same. However, the Guideline Range calculation sheets that are attached to each of the Notices of Action demonstrate that a meaningful review was conducted. For instance, the calculation sheet attached to the 2003 notice indicates that Cunningham's guideline range included the addition of 0-2 months based on a non-drug related infraction and that he did not receive a Superior Program Achievement Award. Conversely, the 2006 Guideline Range calculation sheet indicates that he was granted a 12-month reduction for superior program achievement and there was no additional time added to the range due to disciplinary infractions.

Also, as argued by respondents the parole commission 'is under a continuing obligation under the statute to only release on parole those persons it has concluded there is a reasonable

probability they can live in the community without violating the law. See D.C. Code § 24-404(a)." (Doc. 12, p. 9). Despite Cunningham's displeasure with the fact that the parole commission relied on the same factors twice in denying him parole - the number of victims and the assaultive nature of armed robbery - these are certainly valid factors that have a rational basis in the record.

**IV. Conclusion**

Based on the foregoing analysis, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: August 31, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL W. CUNNINGHAM,   :   CIVIL NO. 3:CV-06-2321
        Petitioner,   :
         :   (Judge Munley)
         :
v.   :
         :
U.S. DEPARTMENT OF JUSTICE,   :
UNITED STATES PAROLE   :
COMMISSION,   :
        Respondents :

## ORDER

AND NOW, to wit, this 31st day of August 2007, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is DENIED.

2. Petitioner's "motion for reply to the response by the respondent" is CONSTRUED as a supplemental traverse. (Doc. 14). The Clerk of Court is directed to TERMINATE this motion.

3. All pending motions (Docs. 18, 20, 22, 25, 29) are DENIED as moot.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court